116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vilma Beatrice MESIAS-AREVALO; Monica Mesias, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70186, Ayg-fgr-mxr, Aoh-dnk-fjw.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1997.**
Decided June 5, 1997.
 
 Before: PREGERSON, NOONAN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Vilma Beatrice Mesias-Arevalo (Mesias-Arevalo), and her eight year-old daughter, Monica Mesias (Monica), appeal from the Board of Immigration Appeals' (BIA) affirmance on January 3, 1996 of the Immigration Judge's (IJ) decision, on April 12, 1994, denying asylum under § 208 and denying withholding of deportation under § 243(h) of the Immigration and Nationality Act (INA). As Monica is seeking derivative asylee status under § 208(c) of the INA, only the facts relating to Mesias-Arevalo are relevant.
 
 
 3
 Through her testimony of the specific threats that she received and the documentary evidence of the ability and willingness of the guerillas to carry out their threats, Mesias-Arevalo has demonstrated that she has a subjective fear of persecution and at least a 10% possibility of future persecution if she were returned to Guatemala, a possibility that makes her fear objectively reasonable. See Harpinder Singh v. Ilchert, 63 F.3d 1501, 1506 (9th Cir.1995); INS v. Cardoza-Fonseca, 480 U.S. 421, 440 (1987). See also, Gonzalez v. INS, 82 F.3d at 909 (9th Cir.1996) (violence committed against applicant's family "and repetition of [personal] threats to her, made her fear of violence well-founded"); Barraza-Rivera v. INS, 913 F.2d 1443, 1453 (9th Cir.1990) ("A specific, serious threat may establish a well-founded fear of persecution."); Desir v. Ilchert, 840 F.2d 723, 729 (9th Cir.1988) ("Where evidence of a specific threat on an alien's life is presented in conjunction with general corroboration which describes political and social turmoil, the alien has succeeded in establishing prima facie eligibility for asylum."); Arteaga v. INS, 836 F.2d 1227, 1233 (9th Cir.1988) ("A specific verbal threat by the guerillas directed at an individual whose identity and residence are known to the guerillas is sufficient to create a well-founded fear."). Accordingly, the BIA erred in denying that she was eligible for a discretionary grant of asylum. We grant her petition and remand.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3